Lawrence Spasojevich (LS 0945)
Imran Ansari (IA 1978)
Aidala, Bertuna & Kamins, P.C.
*Attorneys for Plaintiff*
546 5th Avenue
New York, New York 10036
Tele:   (212) 486-0011
Email: ls@aidalalaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SARIAH MOORE,

                Plaintiff,

-against-

MAPLEBEAR INC.,

                Defendant(s).

CASE NO.
1:20-cv-03196-PKC-RML

**AMENDED COMPLAINT**

ECF Case,

---

Plaintiff, SARIAH MOORE, by and through the undersigned attorneys, Lawrence Spasojevich, Esq. and Imran Ansari, Esq., hereby files this Amended Complaint against Defendant(s), MAPLEBEAR INC., and states as follows:

**INTRODUCTION**

1. Plaintiff alleges that, under the New York City Administrative Code § 8-101 *et. seq.* (hereinafter "NYCHRL"), Defendant enacted a discriminatory and flawed criminal history screening policy that was used to deny her an employment opportunity.

Pg. 1

2.  "The public policy of [New York] state [and City], as expressed in [the Correction Law], [is] to encourage the licensure and employment of persons previously convicted of one or more criminal offenses." *See* N.Y. Corr. Law § 753(1)(a).

3.  When the Correction Law was enacted in 1976, both the legislature and the Governor recognized the need to "reverse the long history of employment discrimination against" people with criminal records by "eliminating many of the obstacles to employment." *See* Governor's Bill Jacket, 1976, Ch. 931 Memorandum of Senator Ralph J. Marino & Assemblyman Stanley Fink in Support of S. 4222-C and A. 5393-C.

4.  As articulated in the NYCHRL, "there is no greater danger to the health, morals, safety, and welfare of the city and its inhabitants than the existence of groups prejudiced against one another and antagonistic to each other because of their actual or perceived differences, including those based on . . . conviction or arrest record." *See* N.Y.C. Admin. Code § 8-101 *et. seq.*

5.  Overbroad and arbitrary bans on hiring because of conviction histories undermine and violate the City's clearly-articulated policy.

6.  Such acts of discrimination "menace the institutions and foundation of a free democratic state." *See* N.Y.C. Admin. Code § 8-101 *et. seq.*

7.  The use of these arbitrary pre-employment bans also results in *de facto* discrimination based on race, ethnicity, color, and national origin because it imports the racial and ethnic disparities in the criminal justice system into the employment application process.

8.  For these, among other reasons, the NYCHRL forbid employers from denying jobs or aiding and abetting the denial of employment, simply because a job applicant has a criminal record. Instead, employers must engage in an individualized evaluation of each of the factors outlined in Article 23-A of the Correction Law.

9.  Through the passing of the Fair Chance Act, an amendment to the NYCHRL, New York City recognized the need to add greater protections to the NYCHRL by requiring that companies not just allege that they reviewed all appropriate Article 23-A factors before denial, but to affirmatively provide candidates with a written version of the Article 23-A analysis conducted (i.e., the Fair Chance Notice), a copy of their criminal record and a reasonable time to respond to such information and engage in an interactive process with the employer (while also holding the job open for the applicant). *See* N.Y.C. Admin. Code § 8-107(11)(a)(b)(i)-(iii).

10. The NYCHRL was amended, effective January 11, 2020, to not only afford its protections, including those under the Fair Chance Act, to employees but also independent contractors and employees.

11. Plaintiff sought employment with Defendant to operate within the city limits of the City of New York and, therefore, subject to the requirements of the NYCHRL.

12. On or about April 17, 2020, Plaintiff was provided a conditional offer of employment by Defendant pending a criminal background check (hereinafter "CBC").

13. On May 8, 2020, the conditional offer was subsequently rescinded based upon Plaintiff's criminal history information revealed on the CBC.

14. Defendant did not provide Plaintiff with an Article 23-A of the New York State Correction Law analysis as required by NYCHRL, and further did not hold her position open for a "reasonable time" of "no less than three (3) business days" to allow her an opportunity to respond to the determination that her conditional offer of employment would be rescinded.

15. Defendant's willful failure to provide Plaintiff with an Article 23-A analysis after a determination was made to rescind the Plaintiff's conditional offer of employment left Plaintiff no basis on which to challenge the decision made by Defendant.

16. Further, Defendant's denial of employment, failure to provide the Article 23-A analysis, and failure to hold the position open for a "reasonable time" of no less than three (3) business days, are *per se* violations of the NYCHRL.

17. Therefore, Defendant had a policy and practice of not complying with the requirements of NYCHRL.

18. Defendant's actions caused concrete injury to Plaintiff as, through their failure to comply with NYCHRL Plaintiff were illegally denied employment.

19. Further, Defendant's actions prevented Plaintiff from reviewing her Fair Chance notices, explaining or contextualizing her conviction histories, correcting inaccurate or incomplete information, challenging her denials of employment, explaining why an analysis of the Article 23-A factors required she be hired, or learning of her rights and remedies.

20. Defendant has willfully violated the law.

21. Plaintiff seeks statutory damages; exemplary and punitive damages, pre-judgment and post-judgment interest; and reasonable attorneys' fees, costs, and expenses associated with this action.

## JURISDICTION AND VENUE

22. This Court has jurisdiction over this controversy under 28 U.S.C. § 1441(b) because this is a diversity action over which this Court has original jurisdiction under 28 U.S.C. § 1332.

23. Venue is proper in the EASTERN DISTRICT pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the Amended Complaint took place in this judicial district.

## PARTIES

24. Plaintiff is a resident of Kings County, New York.

25. Plaintiff has a criminal history.

26. Upon information and belief, Defendant, MAPLEBEAR INC., is a foreign business corporation, organized and existing under the laws of the State of New York, with a place of business located at 122 East 42nd Street, 18th Floor New York, New York, 10168

## STATEMENT OF FACTS

27. On or about April 15, 2020, Plaintiff applied for employment with Defendant to operate within the limits of the City of New York.

28. On or about May 8, 2020, Defendant notified Plaintiff, after conducting a CBC, that Defendant's conditional offer of an employer to Plaintiff would be withdrawn due to the results of the CBC.

29. Defendant only stated that "We wish to advise you that we cannot give you any further consideration for an engagement with Instacart. This action was based, in whole or in part, by information contained in a consumer report furnished at our request by the consumer reporting agency" on what appears to be a form email.

30. Defendant did not provide Plaintiff with an Article 23-A of the New York State Correction Law analysis required by NYCHRL upon the determination that Defendant would be rescinding the offer of employment.

31. Defendant did not hold Plaintiff's position open for a "reasonable time" of "no less than three (3) business days" to allow her an opportunity to respond to the determination that her offer of employment would be rescinded due to the results of the CBC.

32. The NYCHRL states that no employer may "deny employment to any person" based on a criminal conviction "when such denial or adverse action violates the provisions of article twenty-three-a of the correction law." *See* N.Y.C. Admin. Code § 8-107 *et. seq.*

33.     Article 23-A of the Correction Law prohibits an employer from denying employment to any person by virtue of their criminal record unless the employer can meet its burden of demonstrating one of two (2) exceptions:

    a.   there is a direct relationship between one or more of the previous criminal offenses and the specific license or employment sought or held by the individual; or,

    b.   the issuance or continuation of the license or the granting or continuation of the employment would involve an unreasonable risk to property or to the safety or welfare of specific individuals or the general public. *See* N.Y. Correct. Law § 752.

34.     Article 23-A of the Correction Law further requires that before taking any adverse action on the basis of a criminal record, the employer must consider all the following factors:

    a.   The public policy of this state, as expressed in this act, to encourage the licensure and employment of persons previously convicted of one or more criminal offenses;

    b.   The specific duties and responsibilities necessarily related to the license or employment sought or held by the person;

    c.   The bearing, if any, the criminal offense or offenses for which the person was previously convicted will have on his fitness or ability to perform one or more such duties or responsibilities;

    d.   The time which has elapsed since the occurrence of the criminal offense or offenses;

  e.  The age of the person at the time of occurrence of the criminal offense or offenses;

  f.  The seriousness of the offense or offenses;

  g.  Any information produced by the person, or produced on his behalf, in regard to his rehabilitation and good conduct; and

  h.  The legitimate interest of the public agency or private employer in protecting property, and the safety and welfare of specific individuals or the general public.

*See* N.Y. Correct. Law § 753.

35. The NYCHRL has additional protections against discrimination, known as Fair Chance Act protections, which not only restrict the ability of companies to ask about criminal records until after an employment offer is made but additionally specify the process companies must follow when denying a candidate due to their past criminal history.

36. Specifically:

  a.  (b) After extending an applicant a conditional offer of employment, an employer . . . may inquire about the applicant's arrest or conviction record if before taking any adverse employment action based on such inquiry, the employer, employment agency or agent thereof:

    i. (i) provides a written copy of the inquiry to the applicant in a manner to be determined by the commission;

    ii. (ii) performs an analysis of the applicant under article twenty three-a of the correction law and provides a written copy of such analysis to the applicant in a manner determined by the

> commission, which shall include but not be limited to supporting documents that formed the basis for an adverse action based on such analysis and the employer's . . . reasons for taking any adverse action against such applicant; and,
>
> iii. (iii) after giving the applicant the inquiry and analysis in writing pursuant to subparagraphs (i) and (ii) of this paragraph, allow the applicant a reasonable time to respond, which shall be no less than three business days and during this time, holds the position open for the applicant.
>
> *See* N.Y.C. Admin Code § 8-107(11-a)(b).

37. "The applicant must be able to see and challenge the same criminal history information relied on by the employer." *See* NYC Commission on Human Rights Legal Enforcement Guidance on the Fair Chance Act, Local Law No. 63 (2015) at 8.

38. Further, "employers who rely on oral information must provide a written summary of their conversation. The summary must contain the same information the employer relied on in reaching its determination, and it should identity [sic] whether that information was provided by the applicant." *Id.*

39. It is impossible for an employer to conduct the legally required evaluation of all Article 23-A factors without first engaging in a conversation with the prospective candidate before making an employment determination. *See* N.Y. Correct. Law § 753.

40. Moreover, it is also an "unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden" under those laws "or to attempt to do so." *See* N.Y.C. Admin Code § 8-107(6).

41. Defendant's denial of employment to Plaintiff based on information contained in CBCs (and/or aiding and abetting that denial), without following the requirements of the NYCHRL, including the Fair Chance Act, is a *per se* violation of the NYCHRL.

42. Defendant acted consciously in breaching its known duties and depriving Plaintiff of her rights under the NYCHRL.

43. Defendant acted recklessly in failing to make an appropriate inquiry to ascertain its legal obligations, especially given the extensive press surrounding the passage of the Fair Chance Act.

**FIRST CAUSE OF ACTION**

44. Plaintiff realleges and reavers each and every statement contained in paragraphs "1" through "43" of this Amended Complaint as if fully set forth herein.

45. Defendant denied employment to Plaintiff based in whole or in part on the criminal history information contained within her CBC.

46. Prior to the denial of employment of Plaintiff, Defendant did not conduct a proper inquiry into the factors outlined in Article 23-A of the Correction Law, in violation of N.Y.C. Admin. Code § 8-107(10).

47. As a result of its improper and illegal policies and practices, Defendant deprived Plaintiff her rights and have lost employment opportunities, earnings, and other employment benefits.

**SECOND CAUSE OF ACTION**

48. Plaintiff realleges and reavers each and every statement contained in paragraphs "1" through "47" of this Amended Complaint as if fully set forth herein.

49. Defendant denied employment to Plaintiff in whole or in part upon an inquiry conducted on Plaintiff.

50. Before taking adverse employment action, Defendant failed to:

    a.    provide a written copy of any inquiry into the Plaintiff's arrest or conviction records in violation of N.Y.C. Admin Code § 8-107(11-a)(b)(i);

    b.    provide a written copy of any Article 23-A analyses conducted on Plaintiff in violation of N.Y.C. Admin Code § 8-107(11-a)(b)(ii); and

    c.    allow Plaintiff a reasonable amount of time, not less than three (3) days, to respond to the inquiries and analyses, and hold the job open during that time, in violation of N.Y.C. Admin Code § 8-107(11-a)(b)(iii).

51.    Each of these failures by Defendant establishes a separate cause of action and injured Plaintiff.

52.    Plaintiff was unable to review the information reported about her for accuracy and completeness, contextualize even accurate information, review Defendant's arguments (if any) for why Defendant believed convictions barred the Plaintiff from employment, or explain why Plaintiff were nonetheless entitled to employment, including any evidence of rehabilitation and good conduct.

53.    As a result of Defendant's actions, Plaintiff has lost employment opportunities, earnings, and other employment benefits.

## PRAYER FOR RELIEF

54. WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

    a. An award of compensatory and/or punitive damages for violations of the NYCHRL;

    b. An award of costs incurred herein, including reasonable attorneys' fees to the extent allowable by law;

    c. Pre-judgment and post-judgment interest, as provided by law;

    d. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury in this action.

Dated: New York, New York
       November 16, 2020

                              Respectfully submitted

                              By: _____
                                   Lawrence Spasojevich, Esq.

                              By: _____
                                   Imran Ansari, Esq.